**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARCUS JACKSON, 1442529,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13-CV-4250-B** |
| | ) | |
| **WILLIAM STEPHENS, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

Petitioner challenges his conviction for unlawful possession with intent to deliver a

controlled substance (cocaine), with a deadly weapon.  *State of Texas v. Marcus Jackson*, No. F-

0557197-U (291st Jud. Dist. Ct., Dallas County, Tex., June 6, 2007).  He was sentenced to fifteen

years in prison.

On February 5, 2009, the Fifth District Court of Appeals affirmed Petitioner's conviction

and sentence. *Jackson v. State*, No. 05-07-00783-CR, 2009 WL 264630 (Tex. App. – Dallas

2009).  On October 21, 2009, the Court of Criminal Appeals refused Petitioner's petition for

discretionary review.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**             Page -1-

On November 11, 2010, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Jackson*, No. 79,857-01. On September 18, 2013, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On September 20, 2013, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues:

1.      He received ineffective assistance of counsel when counsel:

    (a)      failed to conduct an interview of the informant prior to trial;

    (b)      failed to conduct an interview of the state's eye witnesses prior to trial;

    (c)      failed to conduct an interview with the landlord of the residence at 3715 Cauthorn Drive prior to trial;

    (d)      failed to challenge the deadly weapon enhancement; and

2.      His Fourth Amendment rights were violated when he was not given his *Miranda* warnings.

On February 19, 2013, Respondent filed his answer. Petitioner did not file a reply. The Court now determines the petition should be denied.

## II. Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

In September 2005, Dallas narcotics detectives investigated complaints about drug activity in two houses located across the street from one another. One house was located at 3715 Cauthorn Drive and the other at 3706 Cauthorn Drive. Based on their investigation, the police believed the two houses were operating a drug business together. After observing the two houses and drug purchases made by a confidential informant, the police obtained a search warrant for each location.

The warrant executed at the house located on 3715 Cauthorn is at issue here.

When a narcotics team executed the warrant they recovered drugs and supplies used for distribution from the living room closet, including forty-eight bags of cocaine, four bags of marijuana, empty drug baggies, and a digital scale with cocaine residue.  A loaded twelve-gauge shotgun was discovered on top of the couch in the living room and a loaded handgun was retrieved from under the couch.  Appellant was found in the sunroom trying to open the door to get out of the house.  There was no one else present in the home.  The police found $1570 in cash in varying denominations in appellant's pocket.

Appellant was charged by indictment with possession with intent to deliver cocaine in an amount of 4 grams or more but less than 200 grams and entered a plea of "not guilty."  The police officers involved with the investigation and execution of the search warrant testified at trial.  Officer Anthony Whitaker, the affiant for the search warrant, testified about drug purchases made by the confidential informant and obtaining the warrant.  Sergeant Gary Westry, the controlling supervisor, testified about the execution of the warrant and the items seized.  Officer James Dupoch testified he accompanied Officer Whitaker when the confidential informant made the drug purchases.  Officers Greg Garcia and Kurt Manasco also testified about the search.

Officer Bishop, the officer stationed outside to cover the perimeter of the home, testified that appellant was turned over to him outside the house after he had been arrested and searched.  Officer Bishop asked appellant his name, date of birth and address.  In response, appellant told the officer he had only lived at the house for the past two months.  This statement was admitted over appellant's objection.

Ann Weaver, a chemist from the Southwest Institute of Forensic Sciences, testified about the analysis of the narcotics retrieved from the house.  The drugs and the lab report were admitted into evidence over appellant's objection that the evidence was seized pursuant to an invalid warrant.  Detective Barry Ragsdale opined that a drug distribution enterprise was conducted from the home.  He further testified that in his experience, an individual running a drug operation would not leave just any individual alone in the house with 16.8 grams of cocaine.

Appellant's girlfriend, April Williams, was the only witness who testified on his behalf.  Williams testified that she lived at the home with her mother and aunt and appellant lived elsewhere.  Williams stated she was unaware of any activities that took place at the house during the day because she worked all day and spent every morning in drug treatment.

*Jackson*, 2009 WL 264630 at *1-2.

## III.  Discussion

### 1.      Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

> (d)      An application for writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a state court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim –
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the

writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently

from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v.*

*Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal

court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that

principle to the facts of the prisoner's case.  *Id*.

### 2       Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel.  To sustain a claim of

ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was

deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive

Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

A.      **Failure to Interview Witnesses**

Petitioner claims his counsel was ineffective because he failed to conduct pre-trial interviews of the confidential informant, Officers Dupoch and Whitaker, and the landlord of 3715 Cauthorn Drive.

Petitioner claims the confidential informant testified at trial that "he should have investigated more" because although he identified Petitioner as the person who was selling drugs, Petitioner was not the right person. (Pet. Mem. at 1.) The record shows, however, that the confidential informant did not testify at trial. Further, on state habeas review, defense counsel submitted an affidavit stating he did not interview the confidential informant because:

> I did not know, and to this day I still do not know, who that informant was. Because the identities of informants are protected, and not discoverable, I did not have the ability to

determine the identity of the informant, and thus could not identify him or her.

*Ex parte Jackson* at 51.

Petitioner also claims his counsel should have interviewed Officers Whitaker and Dupoch before trial.  He states the officers testified that Petitioner was not the person identified in the search warrant and that Officer Whitaker testified he could not prove that Petitioner had knowledge of the cocaine located in the house.

On state habeas review, defense counsel submitted an affidavit stating:

[T]he state provided me a copy of the officer's report, and so I was very familiar with what their testimony was going to be.  Accordingly, I did not need to interview them prior to trial.  In fact, at trial, the officer testified exactly as they had stated in the police report, and so there was no surprise or prejudice because of the failure to interview them ahead of time.

*Ex parte Jackson* at 51.  Petitioner has failed to show that a pretrial interview of these witnesses would have provided defense counsel with any information that was not already provided in the police report.

Petitioner also claims his counsel was ineffective for failing to interview the landlord of 3715 Cauthorn Drive.  Petitioner claims the landlord would have testified that Petitioner's name was not on the lease and that the landlord had never seen Petitioner at the house.  Petitioner states this testimony would rebut Officer Bishop's testimony that Petitioner told him he had been living at the house for two months, and would therefor rebut any link between Petitioner and the drugs found in the house.

On state habeas review, defense counsel submitted an affidavit stating:

I felt that any testimony that the landlord could provide was inferior to the testimony provided by Mr. Jackson's girlfriend.  She took the stand and testified that Mr. Jackson did not live at the residence where the drugs were found, and that in fact she and her aunt resided there.  Accordingly, I felt that she gave much better first hand testimony about

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**           Page -6-

exactly who did and did not live at this particular location. The landlord would only have been able to state what names were on the lease, but not actually who lived there on a day to day basis.

*Ex parte Jackson* at 51.

Additionally, Petitioner has submitted no evidence that the landlord or the confidential informant would have testified favorably for the defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that to establish the requisite *Strickland* prejudice, Petitioner must show that the testimony would have been favorable); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). Petitioner's claims should be denied.

### B.      Deadly Weapon

Petitioner claims his counsel was ineffective for failing to object to the deadly weapon charge. At trial, officers testified that when they executed the search warrant, they found Petitioner in the house and also found a loaded 12-gauge shotgun and loaded 9 mm handgun in the living room of the house. (Trial Tr. Vol. 3 at 110-114; 137-140). The shotgun was on a couch and the 9mm was under the couch. (*Id*.) Defense counsel challenged the deadly weapon allegation by arguing that Petitioner did not live in the house and did not have knowledge of the drugs or firearms. (*Id*. at 90-95; Trial Tr. Vol. 4 at 23-24.) Petitioner has failed to show his counsel failed to challenge the deadly weapon allegation.

### 3.      Fourth Amendment Claims

Petitioner claims his Fourth Amendment rights were violated when he was questioned prior to receiving his *Miranda* warnings.

The record shows Officer Bishop testified that before transporting Petitioner to jail, he

asked Petitioner for his name, date of birth and address.  (*Id*. at 159-60.)  He stated Petitioner answered that he had been living at the 3715 Cauthorn Drive house for the "last couple of months."  (*Id*. at 160).  Petitioner claims his statement was used at trial to affirmatively link him to the drugs, but the statement was taken in violation of his *Miranda* rights.

*Miranda* warnings must be given prior to custodial interrogation.  *United States v. Pofahl*, 990 F.2d 1456, 1487 (5th Cir. 1993).  "A suspect is 'in custody' for Miranda purposes when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement to the degree which the law associates with formal arrest."  *United States v. Bengivenga*, 845 F.2d 593, 596 (5th Cir. 1988)(en banc).  Interrogation is defined as "words or actions that the police should know are reasonably likely to elicit an incriminating response from the suspect."  *Gladden v. Roach*, 864 F.2d 1196, 1198 (5th Cir. 1989).  Questions that seek biographical information for book-in purposes do not constitute interrogation.  *Id*. (citing *United States v. Menichino*, 497 F.2d 935, 941 (5th Cir. 1974)).

In this case, Officer Bishop was clearly seeking biographical information when he asked Petitioner for his name, date of birth and address.  Petitioner has failed to establish a violation of his Fourth Amendment rights.

## 4.  Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceedings.

## RECOMMENDATION

      This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 be DENIED.

      Signed this 26th  day of June,  2014.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).